IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TARA NICOLE SLOAN                                                                                      PLAINTIFF

V.                                                              CIVIL ACTION NO.: 1:07CV245-SA-JAD

CRAIG SHANNON AND
TUPELO PUBLIC SCHOOL DISTRICT                                                        DEFENDANTS

## ORDER ON MOTION IN LIMINE

Presently before the Court is Defendants' Motion in Limine to Exclude Certain Evidence [74]. The Court finds as follows:

Brenda Fields

Defendants submit that Fields, a female security officer that worked at Fillmore, was deposed in this case and denied that she had ever been sexually harassed by Shannon. She further denied having ever told Plaintiff that Shannon harassed her. Defendants contend any comments that Fields may have made to Sloan regarding Shannon's sexual harassment would be inadmissible hearsay in this case. Plaintiff responds that while Fields denied in deposition telling Plaintiff about being sexually harassed, she did admit that Shannon made a sexual statement to her. Fields stated that it was intended a joke, and she was not offended by Shannon's statement. Plaintiff argues this evidence demonstrates Shannon's motive and intent to sexually harass.

The Court finds that comments allegedly made by Fields to Sloan are inadmissible hearsay. The sexual statement, however, that Fields admitted Shannon made to her is admissible for the purposes of impeaching Shannon's credibility if he testifies he never made sexual connotations to female employees. Defendants' Motion in Limine as to Fields is GRANTED in part and DENIED

in part.

Eric Dabbs

Defendants anticipate Plaintiff will present testimony at trial of Erica Dabbs, a former school teacher in the Tupelo Public School District. Plaintiff's response to summary judgment stated that "TPSD's history of dealing with sexual impropriety allegations against Shannon in particular also demonstrates that a woman complains about Shannon at her peril, as happened with Erica Dabbs." Another argument proposed in Plaintiff's brief is that "As Dabbs' testimony makes clear, complaining about Shannon will get you fired at TPSD." After viewing Dabbs' sealed deposition, the Court finds Plaintiff's arguments are unsupported by the deposition. Dabbs voluntarily resigned from her employment with the TPSD on September 5, 2003; she was not terminated. Dabbs admitted in her sworn deposition that she never mentioned Shannon's name in any verbal discussion with school administration or made a formal verbal or written report of sexual misconduct against Shannon at any time while she was employed with the school district. Further, Dabbs specifically stated that Shannon never made any sexual inappropriate comments to her. The Court finds Dabbs' testimony is not relevant, and Defendants' Motion in Limine as to Dabbs' testimony is GRANTED.

Timmy Holliman

Plaintiff's counsel filed a supplemental prediscovery disclosure on June 1, 2009, adding Timmy Hollimon, a former custodian at the Tupelo Public School District, as a witness in this case. Defendants seek to exclude Holliman as the discovery deadline has long since passed, and Plaintiff did not disclose him in prediscovery disclosures or supplements.

Under Federal Rule of Civil Procedure 37:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence

> on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.

FED. R. CIV. P. 37(C)(1). Rule 26(a) requires a party to disclose, "the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(A)(1)(A)(I). Defendants contend, and Plaintiff does not dispute, that Holliman was not disclosed as a potential witness during discovery.

To determine whether to exclude an individual who is not properly identified under the Federal Rules of Civil Procedure, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure the prejudice." Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004) (Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)).

Plaintiff failed to provide the Court with any explanation why Holliman was not timely identified as a witness. Although Holliman is listed on the proposed pretrial order as a may call fact witness as to liability, the Court is without sufficient information as to the importance of Holliman's testimony to Plaintiff' case. Moreover, Defendants would be prejudiced by allowing Holliman's testimony, as the discovery deadline has long since passed and Defendants did not have the opportunity to depose him. The final factor relates to whether a continuance would cure such prejudice by allowing Defendants time to depose Holliman. Since the first and third factors weigh against permitting the testimony, this Court will not continue the trial to cure any potential prejudice. Hamburger, 361 F.3d at 884 ("Because of a trial court's need to control its docket, a party's

violation of the court's scheduling order should not routinely justify a continuance."). Accordingly, Defendants' Motion in Limine as it relates to Timmy Holliman is GRANTED.

SO ORDERED, this the 11th day of February, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**